*Gardiner, J.
 

 The 26th section of the act r “ Of the manner in which assessments are to be *- u made, and the duties of the assessors,” provides, that the
 
 *520
 
 “assessors, or a majority of them, shall sign the assessment-roll, and shall attach thereto a certificate in the following form, which shall also be signed by them.” The prescribed certificate requires the assessors to certify that they have set down
 
 all
 
 the real estate situate in their town, and that, with certain specified exceptions, “we have estimated the value of the said real estate, at the sums which a majority of the assessors have decided to be the
 
 true value
 
 thereof, and at which they would appraise the same in the payment of a just debt due from a solvent debtor,” &c. “And that, with the exception of those cases in which the value of the personal estate has been sworn to by the owner or possessor, we have
 
 estimated the same, according to our best information and belief.”
 

 The assessors in this case certified that they have estimated the value of the real estate in the town of
 
 *
 
 wi
 
 i
 
 Greenbush, at the *sums which a majority of the -* assessors
 
 have deemed proper,
 
 and that the assessment-roll contains a true statement of the aggregate amount of the taxable personal estate, of, dzc., over and above the debts due from such persons, respectively, and excluding stock otherwise taxable,
 
 according to the usual way
 
 of assessing.” The certificate made by the assessors of Greenbush is a departure from the one prescribed by the statute, in almost every material requirement. This is conceded; but it is insisted, that the making out, or drawing up of the assessment-roll, and affixing their signatures by these officers, is, like a judgment-record, evidence of a judicial determination, upon which the board of supervisors could act, and that the omission of the certificate altogether would not in the least invalidate the proceedings.
 

 If we assume, that assessors act judicially in estimating the value of property, or the amount possessed by individuals and corporations within their jurisdiction, they, as inferior and special tribunals, deriving their whole
 
 *521
 
 authority from the state, are bound to comply with all its material provisions. Their adjudication concludes no one, until it is recorded in the manner prescribed by law. In making the record, they act ministerially. The statute prescribes the principle and the manner in which the assessment shall be made, and the precise evidence of the acts of the assessors in both particulars; this is furnished by the certificate alone. The mere roll, divided into columns, and containing a certain account of real or personal property, opposite the name of an individual, is not a final adjudication, but preliminary thereto. Notice must be given (§§ 19, 20); the tax-payers have a right to be heard (§ 22) and introduce evidence (§ 23). When this has been done, and all objections disposed of, the assessors, or a majority of them, shall sign the roll and attach the certificate in the form prescribed by the 26th section ;• the record is then, and not until then, complete.
 

 “The roll thus
 
 certified
 
 (not merely signed) shall, on or before the first of October, be delivered by the assessors to the supervisors of the town, who shall deliver the
 
 same
 
 to the board of supervisors.” The jurisdiction of the board attaches, when this ^document, or record, as it is termed by the defendants, thus *- certified, is placed in its possession. Without the certificate, the roll would resemble a judgment-record, without the judgment clause. The certificate contains the judgment of the assessors, and the principle upon which it is founded. It is, therefore, indispensable, not only because it is prescribed by the statute, and for the reason suggested, but because it furnishes about the only protection provided by the statute against unequal and oppressive taxation. Individuals, if assessed too high, may reduce the valuation of their property, by their own affidavit. (§§ 22, 23.) But if others are assessed much below the true value of their property, the injustice is as palpable and oppressive to those who are assessed accord
 
 *522
 
 ing to the statute, as if some had been omitted altogether. The certificate was intended to prevent favoritism and partiality, by compelling the assessors solemnly to affirm that they have estimated each tax-payer’s property at its full value (§ 9, sub. 3, 14, 122). If this rule is complied with, equality in taxation will be secured, and in no other way. (3 Mass. 429.) The proceedings, therefore, would be fatally defective, if no certificate had been annexed to the assessments; they are, if possible, worse, with the one furnished in this case. The assessors have taken the precaution to negative all presumption that they had done their duty, by certifying that they had estimated the real estate, not according to its value, “but as they deemed proper,” and the personal, not “ according to their best information and belief, of its value," but “ according to the usual way of assessing.” We are informed by the learned judge who delivered the opinion of the supreme court, that the usual method is to estimate property at less than half its value, under the obligation of an official oath, which requires its full value to be stated; if this be so, the practice should be corrected. In the second place, these proceedings show the importance of adhering to the law, since these assessors, if the surmise of the learned judge is well founded, though prepared to violate their duty and their oath of office, shrunk from testifying to a gross falsehood, to be recorded under their signatures.
 

 In conclusion, I am of the opinion — 1. That the assess- * 523 1 men*"ro^ was *n°t complete and in a condition -* to be delivered to the board of supervisors, until a certificate. was made containing substantially the matters specified in the 26th section. 2. That the assessment-roll, thus certified to, is necessary to confer jurisdiction upon the board of supervisors. 3. That the warrant and roll constitute a process in the nature of an execution, and must be construed together, and that the defect of jurisdiction in this case being apparent on the
 
 *523
 
 face of the instrument, it was no protection to the collector. The judgment should he reversed.
 

 Judgment reversed.