THE PEOPLE ex rel. JOHN J. GILLIES, Respondent, *v.* A. EDWARD SUFFERN, County Judge, etc., Appellant.

Under the provisions of the town bonding act (§§ 1, 2, chap. 907, Laws of 1869; as amended by chap. 925, Laws of 1871), which requires that the petition to be presented to the county judge on application for the issuing of the bonds of a municipal corporation for railroad purposes must be signed by a majority of the tax-payers who represent a majority of the taxable property upon the assessment roll of the muni-

cipal corporation "last completed before the first presentation of the petition," and that the fact of such signature must be determined by the county judge, to enable said judge to discharge that duty the original last-completed assessment roll must be produced before him, or in case this cannot be done, secondary evidence of its contents given.

An assessment roll cannot be said to be completed, within the meaning of said act, until the assessors have discharged their whole duty in reference thereto.

It is the duty of the trustees of a village incorporation under the general act for the incorporation of villages (chap. 291, Laws of 1870), as assessors, to write upon their assessment rolls the oath prescribed by the general law in reference to assessments and taxation. (§ 8, chap. 176, Laws of 1871.) The official oath required of them does not dispense with the necessity of thus verifying the roll.

The original assessment roll, so completed and filed with the village clerk, is to be delivered to the collector.

Accordingly, *held*, where the assessment roll in the hands of the collector of a village incorporated under said act, which was produced before a county judge, had no oath written thereon or attached thereto, and there was no proof that it had in fact ever been verified, that it was not a completed assessment roll, and was insufficient to authorize the county judge to act; and that a decision, based thereon, that the requisite number of tax payers had signed the petition was void.

Also, *held*, that the attaching of an affidavit, after the presentation of the petition, did not cure the defect; also, that the fact that the roll was delivered to the collector, and that he had collected taxes thereon, did not give it validity or make it a completed roll.

(Argued January 18, 1877; decided January 30, 1877.)

Appeal from order of the General Term of the Supreme Court in the second judicial department reversing a judgment or decision of defendant, as county judge of Rockland county, appointing commissioners in proceedings to enable the village of Haverstraw to issue its bonds in aid of the Jersey City and Albany Railroad Company. (Mem. of decision below, 6 Hun, 304.)

Said village was incorporated under the general act for the incorporation of villages. (Chap. 291, Laws of 1871.) Upon the hearing before the county judge the collector of the said village was called as a witness for the applicants and produced a paper which he testified was the tax list of the

village of 1874, and that he was collecting the taxes thereon
This was offered in evidence. There was no oath or affidavit
of the trustees, as assessors, written thereon or attached
thereto. It was objected to as incompetent, it appearing upon
its face to be void in not having the statutory affidavit of the
assessors attached. The objection was overruled, the roll was
admitted in evidence and the action of the county judge was
based thereon.

*W. A. Beach* and *A. B. Conger* for the appellant. The
assessment roll upon which the county judge acted was the
last one within the meaning of the statute, and the only one
furnishing a proper basis for the proceeding. (*Town of D.
v. Jenkins*, 46 Barb., 294 ; 20 id., 574.) This roll could only
be disputed in a direct proceeding upon it. (*Rondendorff* v.
*Taylor*, 4 Pet., 359 ; *People* v. *Zeyst*, 23 N. Y., 148 ; *Swift*
v. *City of Poughkeepsie*, 37 N. Y., 511 ; *U. S.* v. *Batchelder*,
2 Gal., 15 ; *Van Rensselaer* v. *Witbeck*, 7 N. Y., 517 ; *B. and
S. L. R. R. Co.* v. *Suprs.*, id., 93 ; *Nelson* v. *People*, 23 id.,
293 ; *Westfall* v. *Preston*, 49 id., 349 ; *Parish* v. *Golden*, 35
id., 463 ; *Boyd* v. *Gray*, 34 How. Pr., 323 ; *Bradley* v. *Ward*,
58 N. Y., 407.) The attaching of the affidavit required by
statute had no effect upon the validity of the roll. (*Westfall*
v. *Preston*, 49 N. Y., 349 ; *People* v. *Kunons*, 47 id., 415.)
It was competent for any tax-payer to subscribe the petition
through an agent. (*People* v. *Hulburt*, 45 N. Y., 110.) The
writing of the middle names or initials in the signatures is not
essential. (*Franklin* v. *Talmage*, 5 J. R., 84 ; *People* v.
*Mayworm*, 5 Mich., 146 ; *Roosevelt* v. *Gardner*, 2 Cow., 463 ;
*Regina* v. *Bradley*, 3 E. & E., 634 ; *Van Voorhis* v. *Budd*,
49 Barb., 479 ; *People* v. *Ferguson*, 8 Cow., 102 ; Brightley
on Elections, 267.) In estimating the number of tax-payers
upon the tax list qualified to become petitioners those only
should be enumerated who represent taxable property valued
as such on the roll. (*People* v. *Smith*, 55 N. Y., 135 ;
Potter's Dwar. on Stat., 203, note 20 ; *White* v. *Wager*, 32
Barb., 250 ; 25 N. Y., 358 ; *People* v. *Lambier*, 5 Den., 9.)

*George W. Weiant* for the respondents. The jurisdiction of a county judge in such a proceeding is based upon a proper petition, and if any fact required to be stated is omitted all subsequent proceedings will be void. (*People* v. *Hurlburt,* 46 N. Y., 110; 43 How. Pr,, 263–266; 2 N. Y. S. C.. R., 142; Laws 1871, chap. 925, § 1; *People* v. *Spencer,* 55 N. Y., 1; *People* v. *Smith,* id., 135.) No valid assessment roll or tax list was produced before the county judge. (*Van Rensselaer* v. *Witbeck,* 7 N. Y., 517; *Westfall* v. *Preston,* 49 id., 349; *Bradley* v. *Ward,* 58 id., 401; *Bellinger* v. *Gray,* 51 id., 610.) The judge erred in counting and allowing as petitioners persons who were non-resident owners but not taxed as such. (1 N. Y. S. C. R., 570; 23 N. Y., 285; 2 id., 69; 15 id., 316; 1 R. S. [5th ed.], 908, § 2; 3 id., 910, § 13, sub. 4.)

EARL, J. The petition mentioned in section 1 of chapter 925 of the Laws of 1871 must be signed by a majority of the tax-payers who represent a majority of the taxable property upon the assessment roll of the municipal corporation last completed before the first presentation of the petition to the county judge; and whether a majority of such tax-payers have signed the petition is to be determined by the county judge upon the proofs produced before him. In order to discharge the duty thus devolved upon him the original last-completed assessment roll must necessarily be produced before him, or, if it cannot be, proper secondary evidence of its contents. In no other way can he ascertain whether the requisite numbers of tax-payers have signed the petition.

The claim is made, on the part of the relator, that the last-completed assessment roll of the village of Haverstraw was not produced or in any way proved before the county judge, and it was upon this ground that the Supreme Court reversed his decision; and whether the decision of the Supreme Court was right in this respect is the only question which we deem it important to consider.

The village of Haverstraw was incorporated under chapter

291 of the Laws of 1870, the general act for the incorporation
of villages. By section 13 of title 3 of that act it is pro-
vided that the trustees, or a majority of them, shall act as
assessors, and that the trustees so acting "shall have the
powers of town assessors and be subject to the laws applicable
to the same, subject to the provisions of this act." It is fur-
ther provided in sections 1 and 2 of title 6 of that act that
within sixty days after the annual meeting, and within twenty
days after any extraordinary expenditure shall have been
voted at a special election, the trustees who are to act as
assessors shall proceed and make an assessment upon the taxa-
ble inhabitants and corporations and taxable property within
the village. Section 3 of the same title provides that the
assessors shall, " on completing the assessment roll," give ten
days notice of a time when and place where they will meet to
hear and determine all complaints " as to such roll." And
after the roll shall have been corrected upon such hearing
they are required " to file the same and a copy thereof with
the clerk of the village." Section 4 provides that the roll,
" when completed," shall be immediately delivered by the
clerk to the collector with a warrant thereunto annexed.
The completion of the roll spoken of in the third section has
reference to the completion of the preliminary roll which is
to be submitted to the tax-payers upon the hearing of com-
plaints. The completion spoken of in the fourth section has
reference to the final completion of the assessment roll when
every duty of the assessors in reference thereto has been dis-
charged. It will be observed that both the original roll and
a copy is to be filed with the town clerk; and that then in
the next section, " the tax roll," evidently meaning the orig-
inal, is to be delivered to the collector with the warrant
attached; the copy is to remain in the clerk's office.

For the general duties of village assessors reference is made
to the general laws applicable to town assessors, except as
otherwise provided in the village act. The form of the
assessment roll and of the oath thereto to be taken by the
assessors is furnished by the general laws. It is provided

326          PEOPLE ex rel. GILLIES *v.* SUFFERN.          [Jan.,

Opinion of the Court, per EARL, J.

(1 R. S. [6th ed.], 937, § 7) that the town assessors shall complete the assessment roll on or before the first day of August in every year, and that they then shall cause notice for the hearing of complaints to be given. After they have heard complaints and corrected the roll, and shall thus "have completed the roll," it is further provided (p. 938, § 25) that they shall take the oath to be written on the roll, which is prescribed in the same section. The completion here spoken of has reference to the final correction of the roll after the hearing of the complaints. The roll is not finally completed until the oath has been taken and certified as required. The roll cannot be said to be finally completed until the assessors have discharged their whole duty in reference thereto. For the purpose of securing equality of assessment and taxation among tax-payers, the law prescribes a particular oath calculated to secure that end, and until the assessment has the sanction of that oath, it has no validity as an assessment, it cannot form the basis of taxation and can in no sense be said to be finally completed. (*Van Rensselaer* v. *Whitbeck*, 7 N. Y., 517; *Westfall* v. *Preston*, 49 id., 349; *Bradley* v. *Ward*, 58 id., 401; *Bellinger* v. *Gray*, 51 id., 610.) The case of *Bradley* v. *Ward* furnishes no authority for holding that an assessment roll can be said to be completed before the oath of the assessors has been taken, as prescribed by law, but simply that such oath need not appear upon the copy of the roll delivered to the collector.

It is claimed, however, that because the trustees are required to take the general oath provided by the Constitution (title 2, § 12 of the village act), it must have been intended by the legislature to dispense with any oath to the assessment roll. This claim has no foundation, as town assessors are also required to take the same oath, and yet must verify the assessment roll as prescribed in the statute. (1 R. S. [6th ed.], 832, § 35.) It cannot be supposed that it was the intention of the legislature in the general law for the incorporation of villages to dispense with the oath to the assessment roll, deemed essential in the case of town assessors to secure equality between tax-payers,

particularly as all the special village charters in the State, which have come under our observation, require such an oath to an assessment roll.

The bonding act of 1871, when speaking of the last completed assessment roll, must have reference to a completion which leaves nothing more for the assessors to do — a roll made and existing under the sanction of the required oath. It does not refer to the preliminary roll made for the examination of the tax-payers, nor to the roll at any other stage in the process of completion. A different construction might enable the assessors, just before a petition was to be presented to the county judge, to control the question of bonding by raising or lowering valuations, or adding or omitting names, and thus making a roll, without the sanction of an oath, which would carry out their wishes.

Until the roll has thus been finally completed in any year, for the purpose of the bonding act of 1871, the last roll thus completed must be taken as the basis of procedure before the county judge, and if it should happen, as it might in a village recently incorporated, that no such roll could be found, it would result that the act could not be complied with.

That the last-completed assessment roll was not presented to or proved before the county judge is too clear for reasonable dispute, and the objection was distinctly taken. The document produced before the county judge as the assessment roll was not a copy, but was produced as the original. The county judge returns that the document purported to be the assessment roll, and speaks of it in all places in his return as the assessment roll. He returns that it had no affidavit attached thereto at the time the petition was presented to him. There was no proof that it had, in fact, ever been verified, and we must infer that it had not been, as an affidavit was subsequently attached. The subsequent affidavit could have no effect, as the condition of the roll must be taken as it was at the time of the first presentation of the petition. The roll produced was the one which had been delivered to the collector and upon which he was collecting taxes, and, as we

have seen, the law requires the original assessment roll to be delivered to him, and the president of the village also testified that it was the original assessment roll. This document was not a completed assessment roll within the meaning of the law. The petitioners should either have had this roll properly verified before presenting their petition, or they should have produced to the county judge the completed assessment roll of the preceding year.

It was upon the imperfect assessment roll thus produced that the county judge based his conclusion that the required number of tax-payers had signed the petition. He did not have proof before him that a majority of the tax-payers, representing a majority of the taxable property, appearing on the last-completed assessment roll, had signed the petition, and hence he was not authorized to render the judgment which he pronounced.

The claim is made, however, that this must be regarded as the completed assessment roll, because it was delivered to the collector, and he was, at the time of the hearing before the county judge, collecting the taxes thereon. It does not appear that any of the tax-payers, who opposed the bonding of the village, paid any tax thereon or recognized in any way its validity. But the facts that this document was delivered to the collector, that he assumed to collect taxes thereon, and that a portion of the tax-payers recognized it as valid, could give it no validity or make that complete which was before incomplete.

It follows, from these views, that the judgment of the Supreme Court must be affirmed.

All concur. Rapallo, J., in result.

Judgment affirmed.