JAMES CARSON BREVOORT, RESPONDENT, *v.* THE CITY OF BROOKLYN, APPELLANT.

*Verification of assessment roll — omission of a portion of the oath — when a tax is not invalidated by.*

By the charter of the city of Brooklyn the board of assessors are required to deliver to the board of supervisors copies of the assessment rolls, " duly sworn to by at least two of the assessors, according to the oath provided by law in regard to assessment rolls in the different towns in this State ; *and, further, to the effect that they have together personally examined, within the year past, each and every lot and parcel of land, house, building, or other assessable property.*" *Held,* that the omission from the oath, attached to the rolls, of the statements relating to the personal examination of the property assessed did not invalidate the tax-rolls, or render void the tax levied by the board of supervisors upon the property mentioned in them.

APPEAL from a judgment in favor of the plaintiff, entered upon an order overruling a demurrer, interposed by the defendant on the ground that the complaint did not state a cause of action.

The action was brought to recover from the city of Brooklyn certain moneys paid by the plaintiff to the collector of taxes and registrar of arrears of said city, upon the purchase of certain lots assessed for the taxes of 1862, and upon the purchase of a certain certificate of sale for the tax of 1872. The complaint alleges that

the assessors' oath was insufficient, as not complying with section 31 of title 4 of chapter 384 of 1854, as amended by section 21 of chapter 63 of 1862, and that the taxes were therefore void.

*Wm. C. DeWitt*, for the appellant.

*Walton P. Bell* and *John J. Townsend*, for the respondent.

BARNARD, P. J. :

It is difficult to determine the intention of the Legislature in making, in the city of Brooklyn, the addition to the usual oath of assessors to the assessment rolls in other parts of the State. The general oath was revised and established in 1851. (Chapter 176, Laws of 1851, § 8.)

In 1854, Brooklyn and Williamsburgh were consolidated. By this act it was provided that two assessors should be elected from each ward, and the whole number were made a board of assessors. The oath required was the general oath. (Chap. 384, Laws of 1854, tit. 4, §§ 28, 33.)

In 1862, the assessors were reduced to five in number, and were to be appointed. No two of the assessors should reside in one ward, and two should reside in the eastern district. The additional oath was added, and was to be sworn to by "at least two of the assessors, according to the oath provided by law in regard to assessment rolls in the different towns of this State ; and, further, to the effect that they have together personally examined, within the year past, each and every lot or parcel of land, house, building or other assessable property within the ward, to be delivered to the board of supervisors of the county of Kings, which board shall proceed thereon, in the manner required by law for the laying and collecting of taxes." It will be seen that this oath need not be taken by a majority of the board, and the two who swore to the oath need not be either of the three who have fixed the value, without seeing the lots within the year. If the two assessors in each ward had continued, it would seem to have been the design of the provisions of this act that the two ward assessors in each ward would assess and swear to the oath for their ward. After the change in the number of the assessors it would seem

that if the law was to be effective, it would require that the major-
ity, or all of the assessors should swear that they had seen the
land, or that one or more should swear that all had seen each
piece assessed within the year. Whatever may have been the
design of the law, the oath that the assessors had seen every lot
assessed within the year is omitted, and only the general oath is
annexed to the assessment rolls. I do not think this omission
made the assessment rolls void ; as assessors they had the juris-
diction over the subject-matter of the assessment. The assess-
ment itself was valid. In the absence of any evidence or aver-
ment to the contrary, it will be presumed that the assessors did
their official duty, and that they, or a sufficient number of them,
saw the lands assessed within the year. A portion of the oath is
omitted when the rolls were delivered to the supervisors. The
supervisors levied the tax. No case holds that the action of the
supervisors in laying the tax upon the rolls thus verified are void.
In *Van Rensselaer* v. *Witbeck* (7 N. Y. Rep., 517), it was held that
an oath must be taken by the assessors that they had assessed
" according to the usual way of assessing." In *Westfall* v. *Pres-
ton* (49 N. Y., 349), the Court of Appeals held that the assessors
could not place a tax against an individual for personal property
after they had lost jurisdiction of the rolls, and that the order of
supervisors to collect the tax did not aid it. In *The People* v.
*Suffern* (68 N. Y., 321), the court decided that if no affidavit was
annexed to the roll, the roll was invalid.

The same court has decided that an omission of a portion of
the statute oath, by assessors, did not make invalid the assessment
roll. (*Parish* v. *Golden*, 35 N. Y., 462.) Also, that the asses-
sors were only required to comply substantially with the statute
oath. (*Buffalo and State Line R. R. Co.* v. *Supervisors of Erie
County*, 48 N. Y. Rep., 93.)

Under this state of the adjudication, we do not deem it plain
that the omission of the portion of the oath complained of ren-
ders the proceedings of the board of supervisors void, in laying the
tax upon it.

The tax in one case was laid in 1862 ; in the other in 1872.
The case should be plain which has the effect to unsettle the tax
levies in question for those years.

The judgment should be reversed, with costs, and the plaintiff be allowed to amend, in twenty days, on payment of costs.

Present — Barnard, P. J., Gilbert and Dykman, JJ.

Judgment reversed, and new trial granted; costs to abide event.