WILLIAM H. INMAN, AS RECEIVER OF THE PROPERTY OF
SPENCER COLEMAN, APPELLANT, v. SPENCER COLE-
MAN, CARRIE COLEMAN AND ELLA T. WILLIAMS,
RESPONDENTS.

*Proceedings to collect unpaid taxes — 1867, chap. 361, sec. 1; 1881, chap. 640 — what
omission in the oath of assessors invalidates the tax.*

In an action brought by a receiver appointed in proceedings instituted under
section 1 of chapter 361 of 1867, as amended by chapter 640 of 1881, to collect
the amount of an unpaid tax from a delinquent taxpayer, the plaintiff sought
to show a valid tax by offering in evidence an assessment-roll, attached to
which was the oath of the assessors, which stated, among other things, that
they had " estimated the value of said real estate at the sum which the majority
of the assessors have decided to be the full cash value thereof," but omitted
to add, as required by the statute, the words " and at which they would
appraise the same in payment of a just debt due from a solvent debtor."
*Held,* that the omission of these words rendered the roll and the warrant issued
thereon invalid, and required the proceedings to be dismissed.

APPEAL from a judgment, entered upon the decision of the Orleans
Special Term, dismissing the plaintiff's complaint upon the merits.

*David N. Salisbury,* for the appellant.

*Isaac Signor,* for the respondents.

BARKER, J.:

The plaintiff prosecutes this action for the purpose of recovering
a tax assessed upon the property of the defendant Spencer Coleman,
in the year 1882, by the supervisors of the county of Orleans.    The
defendant was a resident of the town of Clarendon, in said county,
and he was assessed as the owner of a piece of land valued at
$10,000, and the tax assessed thereon was fifty dollars, which he
omitted to pay, and the collector made a return that the same
remained unpaid.    Thereupon by proper proceedings the plaintiff
was appointed receiver of his property, in pursuance of chapter 640
of the Laws of 1881, authorizing supplementary proceedings for
the collection of unpaid taxes.

It is alleged in the complaint that the defendant Spencer Cole-

---

* See Matter of Conklin, 36 Hun, 588—[REP.

man made a fraudulent transfer of his property to the other defendants for the purpose of avoiding the payment of the taxes, and for that reason they are made parties defendant. On the trial the plaintiff, to show a valid tax, offered in evidence the assessment-roll of the town of Clarendon for the year 1882, upon which the tax was spread by the board of supervisors for the same year; and upon the objection of the defendants' that the affidavit attached to such judgment-roll was not properly verified by the assessors the court excluded the evidence, and the plaintiff excepted, and thereupon the court dismissed the plaintiff's complaint.

The important and principal question presented upon this appeal, and the only one upon which we shall bestow much attention, is the one relating to the sufficiency of the assessors' affidavit. Unless such affidavit was properly verified, the board of supervisors had no jurisdiction over the subject-matter, and the tax levied and the warrant issued to the collector for the collection of the same were illegal and void, and the complaint was properly dismissed. The affidavit after stating, as required by the statute, that they had assessed all the real estate in the town, continued, " we have estimated the value of said real estate at the sum which the majority of the assessors have decided to be the full cash value thereof " [the full and true value thereof and at which they would appraise the same in payment of a just debt due from a solvent debtor]. The words omitted in the affidavit to the assessment-roll are contained in the brackets, and the question under consideration is, how far their omission affects the validity of the warrant. There has been much discussion in the courts on the subject, as to the effect which the omission to comply with the form of the affidavit as prescribed by the statute has upon the validity of the assessment. All the cases agree that there must be a substantial compliance with the requirements of the statute, and if there be an omission in material parts, the same is void and renders the levy of the tax by the board of supervisors nugatory, and an aggrieved party may take advantage of the omission if an effort is made to enforce collection out of his property. The statute provides that all real and personal estate liable to taxation shall be estimated and assessed by the assessors, at its full and true value, as they would appraise the same in payment of a just debt due from a solvent debtor. (Laws of 1851, chap. 176, § 3.)

With a view of enforcing this requirement, and as evidence to all parties concerned that the assessors have observed these provisions, the same statute requires the assessors to make an oath, the form of which is set forth in the statute, in which each of the assessors are required to affirm that they have estimated the value of the real estate at the sum which the majority of the assessors have decided to be the full and true value thereof, at which they would appraise the same in payment of a just debt due from a solvent debtor.

The decision of the question under consideration involves the inquiry whether the requirements of the statute as to the form of the oath is mandatory or directory. If the former, then the affidavit is insufficient; if directory merely, then the omission was not fatal to the validity of the tax. Doubtless there are many statutory regulations intended for the direction of officers in the conduct of business devolved upon them, which do not limit their power or render its exercise in disregard of the regulations ineffectual. Such, generally, are regulations designed to secure order, system, dispatch in business, and by a disregard of which the rights of parties interested cannot be injuriously affected. Such requirements "are not usually regarded as mandatory unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated. But when the requisitions prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and by a disregard of which his rights might be and generally would be injuriously affected, they are not directory, but mandatory. They must be followed or the acts done will be invalid. The power of the officer in all such cases is limited by the manner and conditions prescribed for its exercise." (*French* v. *Edwards*, 13 Wall., 511; Sedgwick's Treatise on Statutory and Constitutional Law, 368–378.; Cooley's Treatise on Constitutional Limitations, chap. 4, pp. 74–78.)

Tested by this rule, we are of the opinion that the words omitted were material, and were intended for the protection of the taxpayer, and that it was the purpose of the legislature to test the candor of the assessor's judgment by requiring him to make an oath to the effect of the one prescribed. Prior to the enactment of 1851 a certificate substantially in the form of the affidavit as now prescribed was required of the assessors, unaccompanied by any oath.

And it is well known that then, as now, there was complaint on the part of many taxpayers as to the inequality of the valuation of property liable to assessment, and also the more serious complaint that partiality was shown some taxpayers by under valuations. It is the fundamental principle of all tax laws to observe and preserve equity and equality, so far as the same can be accomplished by the careful and considerate action of intelligent men charged with the duty of fixing valuations. The oath required of the assessors, that they have made the assessment in strict compliance with the statute, was manifestly intended to secure equality of taxation, and to provide, as far as possible, against needless carelessness, as well as against intended partiality and fraud on the part of the officers of the law. The affidavit is the evidence, and the only evidence, accompanying the assessment, that the assessments have been arrived at justly and fairly in compliance with the terms and conditions of the statute. The provisions were intended to establish and make a uniform rule by which valuation should be placed on real property. (Cooley on Taxation, 227; *Marsh* v. *The Supervisors of Clark County,* 62 Wis., 502.)

The appellants' position is that the words " full cash value " are equivalent in their sense and meaning to those omitted, and therefore there is a substantial compliance with the statute. To our minds this argument is unsatisfactory, as it would sanction an intentional evasion, and would excuse the assessor from bringing his judgment to the test required by the legislature. It will be observed that the legislature requires the assessor to affirm two things : that the property is assessed " at the full and true value thereof, and at which they would appraise the same in the payment of a just debt due from a solvent debtor." . The difficulty with the argument is this, as applied to the case in hand, that no words are used in substitution of those omitted and there is nothing on which to hinge the argument and justify the court in ruling that the substituted words and phrases are, in their sense and meaning, the same in effect as those omitted.

We do not intend to hold that the affidavit must be in the exact words of the statute, but we do say that nothing material can be omitted and the assessment upheld. The legislature has formulated the oath. An omission to follow the same in every

respect must be ascribed to carelessness or to an intentional purpose on the part of the assessors not to take the oath prescribed, because of the consciousness on their part that the values placed by them upon the property assessed, is not on the basis required by the statute.

In numerous decisions in this State it has been held that the requirements of the statute in this respect are mandatory, and if omitted the board of supervisors are without jurisdiction to levy taxes or to issue a warrant for their collection.

In *Van Rensselaer* v. *Witbeck* (7 N. Y., 517) the court remarked : A substantial requirement with the terms of the statute is necessary to give jurisdiction to the board of supervisors to impose a tax and issue a warrant to the collector thereon.

In *Westfall* v. *Preston* (49 N. Y., 349) the affidavit was made before the time for completion of the roll had expired, and as the same appeared on the face of the roll itself, the court held that the board of supervisors acquired no jurisdiction to levy a tax, and referring to the case of *Van Rensselaer* v. *Witbeck* (*supra*), said : " The salutary doctrines of that case cannot be disregarded without encouraging a laxity in the discharge of official duty and endangering the rights of the citizen," and that "among the preliminaries essential to the jurisdiction of the supervisors is the preparation of an assessment-roll containing a list of the persons and property liable to taxation, with the estimated value of the property, prepared and verified by the assessors, and a substantial compliance with the terms of the statute prescribing the verification is necessary to give the board of supervisors jurisdiction to impose a tax and issue their warrant to the collector for its collection."

In *Merritt* v. *The Village of Port Chester* (71 N. Y., 309) the question related to the sufficiency of the oath of office taken by the commissioners of assessment and the effect which the omission to comply with the statute in that respect had upon the validity of the assessment thereafter made by those officers. The statute required the commissioners to make oath before entering on their duties, " faithfully and fairly to discharge the duties of their office." The oath taken was that each would perform the duties " to the best of his ability," and the court remarked : " The legislature laid stress and gave importance to the words ' faithfully and fairly ' incorporated in the oath as prescribed, and the courts

have no right to say that they are unmeaning and without force, or that they might not affect the conscience, as the oath actually taken or any other oath less solemn in form would not. As there are no words substituted for them, there is no room to hold that their place is supplied by equivalent words or words of equal force. The liberal interpretation which may sometimes be resorted to to uphold proceedings cannot be applied here, for the very obvious reason that there are no words in the oath taken, to be interpreted as the equivalents of those prescribed." It was held that the commissioners should have taken the oath prescribed by the statute, and not having done so their proceedings were illegal. (See, also, on the same point, *Thompson* v. *White*, 4 S. & R. [Pa.], 135; *In re Cambria Street*, 75 Pa., 357.)

In the *People ex rel. Gillies* v. *Suffern* (68 N. Y., 321) the question was considered as to the effect of an unverified assessment-roll, and the court remarked, "for the purpose of securing equality of assessment and taxation among taxpayers, the law prescribes a particular oath calculated to secure that end, and until the assessment has the sanction of that oath it has no validity as an assessment, it cannot form the basis of taxation, and can in no sense be said to be finally completed."

In the later case of *Brevoort* v. *The City of Brooklyn* (89 N. Y., 128), the court had before it for consideration the same question and reviewed most of the previous cases bearing on the same subject, and remarked in substance that it was the duty of the assessors to make a fair, just and intelligent assessment of the property liable to taxation, so that the burden of tax could be equally and ratably distributed among the taxpayers; and to secure the faithful performance of that duty the law required a prescribed oath to be taken, and before the property of one can be compulsorily taken for the payment of taxes or assessment, the requirements of the statute intended for his benefit or protection must be strictly followed. In that case the oath required the assessors for the city of Brooklyn to state, among other things, "that they have together personally examined, within the year past, each and every lot or parcel of land, house, building or other assessable property within the ward," which was omitted from the affidavit, and for that reason the assessment was held to be invalid.

The other objections to the assessment-roll we do not pass upon, as the defect in the affidavit justified the ruling excluding the same as evidence, the dismissal of the complaint was therefore proper, and the judgment should be affirmed, with costs.

Present — SMITH, P. J., BARKER and BRADLEY, JJ.; HAIGHT, J., not sitting.

Judgment affirmed, with costs.