PEOPLE ex rel. ROME, W. & O. R. R. CO. *v.* JONES.    131

FIFTH DEPARTMENT, JANUARY TERM, 1887.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE ROME, WATERTOWN AND OGDENSBURG RAILROAD COMPANY, APPELLANT, *v.* SETH JONES AND OTHERS AS ASSESSORS, ETC., OF THE TOWN OF KENDALL.

*(Certiorari to review tax of* 1883.)

## SAME *v.* SAME.

*(Certiorari to review tax of* 1884.)

## SAME *v.* SAME.

*(Certiorari to review tax of* 1885.)

Certiorari *to review an erroneous assessment—the provision as to the time when the roll is to be delivered for inspection, is only directory* — *chap.* 269 *of* 1880, *sec.* 9 — *the assessors have power to correct or supply defects in an affidavit verifying the roll.*

In this proceeding brought to review an assessment made by the assessors of a town, the relator sought to establish the invalidity of the assessment by proving a failure of the assessors to comply with the provisions of section 9 of chapter 269 of 1880, which requires that all assessment-rolls, when finally completed and verified by the assessors, shall, in towns, be delivered to the proper officer on or before September first, there to remain for a period of fifteen days for public inspection, public notice thereof being given by publication and posting. It appeared that the assessment roll for 1883, sworn to before a notary, was not delivered to the supervisor until September eleventh ; that on October tenth, following, the assessors verified the roll before a justice of the peace of the town, and that the said roll remained with the supervisor for fifteen days for public inspection ; that the assessors caused a notice, dated October twenty-third, to be on that day posted and published, stating that the roll would remain with the supervisor " for the period of fifteen days from the *first day of September,* open to public inspection, pursuant to section 9, chapter 261* of the Laws of 1880."

*Held,* that, although it was, prior to the passage of chapter 57 of 1884, irregular to verify the rolls before a notary, the irregularity was cured by the subsequent affidavit, made before a justice of the peace, and the action thereafter taken in respect to the roll thus properly verified.

That the statutory provision as to the time when the roll should be verified and left with the supervisor, and notice thereof should be posted, was directory and not mandatory.

That the statement in the notice that the roll would remain with the supervisor for the period of fifteen days from the "first day of September," was not a necessary part thereof, and should be rejected as surplusage, unless it did harm to the appellant by misleading it, of which there was no evidence.

* So in case: the correct chapter is 269.]—REP.

**132** PEOPLE ex rel. ROME, W. & O. R. R. CO. *v.* JONES.

Fifth Department, January Term, 1887.

The assessors, on the 28th of August, 1885, made and annexed to the roll an affidavit in the form prescribed by section 17 of 1 Revised Statutes, 393, as amended by section 3 of chapter 176 of 1851, and on the seventeenth day of October made and annexed to the roll an affidavit in the form prescribed by chapter 201 of 1885.

*Held*, upon the authority of this relator against *Smith* (39 Hun, 332), that the first affidavit was not defective, it being a substantial compliance with the act of 1885, but that if it was defective or irregular it was cured by the second one.

Appeal from orders of a Special Term, in Erie county, denying the prayer of the petitioners upon the merits in the first and second proceeding above entitled, and dismissing the petition and writ upon the merits in the third proceeding above entitled, with costs to the respondents in each case.

*Edmund B. Wynn*, for the relator, appellant.

*John Cunneen*, for the respondents.

Smith, P. J.:

These are proceedings by *certiorari* under chapter 269 of the Laws of 1880, to review the assessments made by the authorities of the town of Kendall, Orleans county, upon the property of the relator in said town in the years 1883, 1884 and 1885, respectively. As to the assessments in 1883 and 1884 the evidence in the cases now before us is conceded by the learned counsel for the appellant to be almost identical with that given on behalf of his client in the cases of *The People ex rel. R. W. and O. R. R. Co.* v. *Haupt*, *The Same* v. *Smoyer* (24 N. Y. W. Dig., 195); *The People ex rel. R. W. and O. R. R. Co.* v. *Hicks*, *The Same* v. *Eddy*, and *The Same* v. *Bancroft* (40 Hun, 598), decided by this court in June last, and for that reason he very properly declines to argue the assessments of 1883 and 1884, upon their merits, as the points involved are identical with those decided in the cases above referred to. It is contended, however, by the appellant's counsel that an irregularity exists in respect to the assessment of 1883, which is fatal to its validity. The supposed irregularity consists in the alleged failure of the assessors to comply with certain provisions of section 9, chapter 269 of the laws of 1880, in respect to their duties. That section requires that all assessment-rolls when finally completed and verified by the assessors shall, in towns, be delivered to

PEOPLE ex rel. ROME, W. & O. R. R. CO. v. JONES. 133

Fifth Department, January Term, 1887.

the town clerk, or other officer to whom they may be required by law to be delivered on or before the first day of September, there to remain for a period of fifteen days for public inspection. Public notice thereof is to be given, and it is provided that a *certiorari* shall not be granted under the act, unless it is applied for within fifteen days after the completion and delivery of the assessment-roll and notice thereof. And, as the law then stood, the affidavit of verification was required to be made before a justice of the peace of the town. (Laws 1851, chap. 176, § 8.)

It appears by the return that the assessment-roll of 1883 was sworn to, in the first instance, before a notary, and that as thus sworn to it was not delivered to the supervisor of the town, who was the proper officer to receive the same (1 R. S., 394, § 27) until the eleventh day of September. It also appears that on the tenth day of October, following, the assessors verified the said roll by affidavit, sworn to before a justice of the peace of the town, and that subsequently said roll remained with the supervisor for fifteen days for public inspection, and the assessors caused notice to be published that the roll would remain with the supervisor " for the period of fifteen days from the first day of September, open to public inspection, pursuant to section 9, chapter 264 of the Laws of 1880." Said notice was dated the 23d day of October, 1883. The return states that the notice was posted on that day, " from which date and for fifteen days thereafter, the said roll remained with said supervisor, open for public inspection, as aforesaid."

The affidavit made before a notary was doubtless irregular, such affidavit being then required to be made before a justice of the town. The statute authorizing it to be made before any officer of the county authorized to administer oaths was not passed till the following year. (Laws 1884, chap. 57.) But we think the irregularity was cured by the subsequent affidavit, and the action thereafter taken in respect to the roll thus properly verified. The statutory direction as to the time when the roll should be verified and left with the supervisor, and notice thereof should be posted, was directory and not mandatory. (*Parish* v. *Golden*, 35 N. Y., 462; *Rawson* v. *Van Riper*, 1 T. & C., 370; *Witheril* v. *Mosher*, 9 Hun, 412; *Rome, W. and O. R. R. Co.* v. *Smith*, 39 id., 332, 335, 336.) By the later verification, and the proceedings that followed it,

134   PEOPLE ex rel. ROME, W. & O. R. R. CO. *v.* JONES.

Fifth Department, January Term, 1887.

all the requirements of the statute designed to protect the taxpayers were fully complied with. Prior to such action the assessors had not lost jurisdiction, as in *The People ex rel. Chamberlain* v. *Forrest* (96 N. Y., 544), cited by the appellant's counsel. As the affidavit made before the notary was a nullity, the roll had not been completed (*People ex rel. Gillies* v. *Suffern*, 68 N. Y., 321), and the subsequent action of the assessors was only what was necessary to its completion. Nor is the case like that of *Westfall* v. *Preston* (49 N. Y., 352), also cited by the counsel, where an affidavit of the assessors, verifying the roll, made *prior* to the time fixed by statute for its final review and correction, was held to be a nullity.

We have not overlooked the circumstance that the notice, which was posted and published on the twenty-third of October, stated that the assessment-roll would remain with the supervisor " for the period of fifteen days from the first day of September." We do not think that statement rendered the notice invalid. It was not a necessary part of the notice. All that the notice was required to state was that the roll had been finally completed, the officer to whom it had been delivered, and the place where it would be open to public inspection. (Laws 1880, chap. 269, § 9.) It was not required to state how long it would remain open to inspection. The statement upon that point was surplusage, and it did no harm, unless it misled the appellant, of which there is no evidence. For these reasons we think the prayer of the petitioner, in respect to the assessment of 1883, was properly denied.

The granting of costs against the petitioner on that denial seems a hardship. The writ of *certiorari* was allowed on the twelfth of September, and at that time the proceedings on the part of the assessors were irregular, and if they had not been aided by the subsequent action of those officers, the prayer of the petitioner must have been granted. But the Special Term had no discretion to withhold costs, on denying the prayer of the petitioner. The statute is imperative that in such case costs shall be awarded against the petitioner. (Laws 1880, chap. 269, § 6.) The order must, therefore, be affirmed as to costs, as well as upon the merits. No irregularity is suggested by the appellant's counsel in respect to the assessment of 1884. The only question raised in respect to the assessment of 1885 relates to the form of the affidavit verifying

PEOPLE ex rel. ROME, W. & O. R. R. CO. v. JONES. 135

Fifth Department, January Term, 1887.

the roll. Prior to May, 1885, the statute prescribed that the assessors should estimate all real and personal estate liable to taxation, " at its full and true value, as they would appraise the same in payment of a just debt due from a solvent debtor." (1 R. S., 393, § 17, as amended by Laws 1851, chap. 176, § 3.) And the assessors were required to state, in their affidavit verifying the roll, that they had estimated the value of the real estate set down in the roll (with an exception not now important) at the sums which a majority of the assessors decided to be the full " and true " value thereof, " and at which they would appraise the same in payment of a just debt due from a solvent debtor." In respect to personal property, they were only required to state that they had assessed it at the full and true value thereof, according to their best judgment and belief. (Laws 1851, chap. 176, § 8, as amended by Laws 1884, chap. 57.)

By an act passed on the 1st day of May, 1885, and which then took effect, the form of the oath was changed, so that it was only necessary for the assessors to state, in respect to real estate, that they had estimated the value thereof at the sums which a majority of the assessors had decided to be the full value thereof (Laws 1885, chap. 201); but no change was made in the form of the oath as to personal property, nor as to the basis upon which the value of either real or personal property should be estimated in making the roll.

It appears by the record book that, in the present instance, the assessors, on the 28th of August, 1885, made and annexed to the roll an affidavit in the form prescribed by the earlier statute, and on the 17th of October, 1885, they made and annexed to the roll an affidavit in the form prescribed by the act of 1885. The appellant's counsel contends that the verification is fatally defective. The same question arose in the cases of this same relator against *Smith*, and the same against *Phippany* (39 Hun, 332), which were actions brought by the present relator to restrain the authorities of the town of Kendall from collecting the tax imposed by the assessment now under review. The Supreme Court, at General Term in the First Department, held that the first affidavit was not defective, it being a substantial compliance with the act of 1885, but that if it was defective or irregular, the assessors had the authority to correct it or supply its defects and comply with the act of 1885, at the

time when the last oath was taken by them, and that by taking that oath they had done so. Those views were expressed by Mr. Justice DANIELS in his opinion, and we understand, from the report of the case, that they were concurred in by his associates, although they stated another ground also leading to the same result. The Court of Appeals affirmed the orders of the General Term in those cases without passing upon the validity of the original affidavits attached to the assessment-roll. (*Rome, Watertown and Ogdensburg Railroad Company* v. *Smith*, 101 N. Y., 684.) The adjudication of the General Term upon the point now in issue before us, therefore, stands unreversed, and we accept it as decisive of the question. At the same time we deem it proper to say that, treating the question as an open one, we are clearly of the opinion that the order of the Special term now under review is right, for the reason, if for no other, that if the first affidavit was defective, the defect was cured by the second one. We concur in the views expressed upon that point by Mr. Justice LEWIS at Special Term.

The orders appealed from should be affirmed, with costs of the appeal, in one case only, to the respondents.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Orders in each case affirmed, with costs of the appeal, in one case only, to respondents.