(19 App. Div. 535.)

## LORD v. COOPER.

(Supreme Court, Appellate Division, Third Department.  July 6, 1897.)

TAXATION—VILLAGE ASSESSMENT ROLL—VERIFICATION.
    The provision in the charter of the village of McGrawville (Laws 1869,
    c. 486, § 34) that the village assessor shall compile the assessment roll as
    nearly as practicable in the manner prescribed by law in respect to town
    assessors, does not require that such assessment rolls shall be verified as
    town assessment rolls are verified, and a warrant based on a village as-
    sessment roll not so verified is not void.

Appeal from Cortland county court.

Action by William Lord against Orlando Cooper.  From a judg-
ment of the county court affirming a judgment of the justice in favor
of plaintiff, defendant appeals.  Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

John H. Kelley, for appellant.
Bouton & Champlin, for respondent.

MERWIN, J.   This action was brought for the conversion of cer-
tain chattels.   The defendant was collector of the village of McGraw-
ville, and he levied upon and sold the chattels by virtue of a tax list
and warrant issued to him by the president and trustees of that vil-
lage.   The answer was a general denial, and plaintiff claims the
defendant cannot justify under his tax warrant.   The evidence, how-
ever, on the subject was admitted, and no objection was raised then
by the plaintiff as to the pleadings.   The tax sought to be collected
was against the plaintiff.   The main question here is whether the
warrant was void, and the defendant a trespasser, by reason of the
character of the verification of the assessment roll made by the as-
sessor of the village.   The statute under which he acted was the
charter of the village (chapter 486, Laws 1869).   The verification was
in the following form:

    "State of New York, County of Cortland—ss.:  I, L. A. Dibble, being duly
sworn, deposes and says that the foregoing assessment is just and correct to
the best of my knowledge and belief.                               L. A. Dibble.
    "Subscribed and sworn to before me this 17th day of May, 1895.
                                            "H. C. Chaffee, Village Clerk."

If the law applicable to town assessment rolls on the subject of the
oath or verification to be made by the town assessors upon the com-
pletion of the roll applies to an assessment roll made under the char-
ter of the village of McGrawville, then it must, I think, under the
authorities, be conceded that the verification in question was fatally
defective, and the warrant attached to it no protection to the defend-
ant.   Van Rensselaer v. Witbeck, 7 N. Y. 517; Westfall v. Preston, 49
N. Y. 355; People v. Suffern, 68 N. Y. 326.   It is, however, claimed
by the defendant that under the provisions of the charter of the
village it was not necessary to attach to the roll the oath required in
case of town assessments.   That depends upon the construction to
be given to section 34 of the charter, which is as follows:

"Sec. 34. It shall be the duty of the assessor, within sixty days after the annual election, to prepare an assessment roll and valuation of property subject to taxation in the village, and to compile the same in all respects, as nearly as practicable, in the manner prescribed by law in respect to town assessors; and the village assessor is hereby invested with the same powers in respect to assessment as town assessors have, including the power to administer oaths and to correct the valuation on the application of persons interested; but the notice of the time and place of meeting to hear applications to correct the valuation, shall be published at least two weeks next preceding the time appointed, and posted in three public places in the village."

By section 35 it is provided that the assessor, upon the completion of the assessment roll of valuation, and upon receiving from the trustees their direction as to the amounts to be raised, shall apportion the same according to the valuation, and set the several sums so apportioned opposite the valuation in the same manner as required for town and county lists. By section 38, it is provided that it shall be the duty of the assessor, upon the completion of the tax or assessment roll, to deliver the same to the clerk of the village, and thereupon it shall be the duty of the president and clerk of the village forthwith to execute under the corporate seal, and attach to such roll, a warrant to the village collector for the collection of the tax, similar in form to the one prescribed by law for the collection of town and county taxes. There is no specific direction as to the oath or verification to be made in connection with the roll. The provision, if any, which covers the subject is the direction in section 34 "to compile the same [that is, the assessment roll and valuation of property] in all respects, as nearly as practicable, in the manner prescribed by law in respect to town assessors." A direction to compile is not a direction to verify. The necessity or propriety of an oath or verification does not arise until the compilation is completed. It is possible that the person who drew the charter may have intended to use the word "complete" instead of "compile." We are, however, to construe the statute in view of the language in fact used. In so construing it, there was no direction to verify the roll in the manner required by law in case of town rolls, and therefore the absence of such a verification does not make the warrant void. There is a provision of the charter (section 21, subd. 1) which conferred upon the trustees the power to prescribe and define the powers and duties of the officers of the village whose powers and duties are not specifically declared by the act. Under this it may perhaps be assumed that the verification in fact made was in accordance with the direction of the trustees. Presumptively the assessor did his duty. Chamberlain v. Taylor, 36 Hun, 24. We are of the opinion that the defendant was protected by his warrant, and therefore the plaintiff was not entitled to recover. All concur.

Judgment of the county court and of the justice reversed, with costs in all the courts.