N. J. SPILMAN *v.* JOHN THOMASSON'S, LESSEE.

GRANT OF LAND.  *How far conclusive.*

Where a party purchased land at an execution sale, upon a judgment against a person who held the same by virtue of a certificate of entry, and entered into possession of the land, and after he had been in possession more than twelve months, the holders of the certificate of entry to whom it had in the mean time been assigned by the judgment debtor, transferred the same to a third party, who afterwards by virtue of the same, obtained a grant of the land from the State ; *held,* that these facts existing anterior to the grant cannot be looked into to invalidate the grant.

John Thomasson, the defendant in error, who was the plaintiff below, claimed title to the land in dispute under a grant. It appeared that William H. Cook entered the land, April 7, 1827. He assigned his certificate of entry to James Barnett, November 14, 1834. Barnett assigned it to Isaac Cook, July 9 1839. Cook assigned it to Eliza Cook, his daughter, December 7, 1840 ; but not before Spilman, plaintiff in error and defendant in the Court below, had recovered against him several judgments before a Justice of the Peace, in October 1840, upon which levies were made in April 1841. The papers having been returned to the Circuit Court, judgment of condemnation was entered and a sale ordered ; which sale took place on the 3rd of July, 1841.

Spilman became the purchaser at this sale and entered into possesion. In the mean time, Eliza H. Cook, who held the certificate of entry, married to one Ashley ; and on the 30th of December 1844, after Spilman, the purchaser at the execution sale, had been in possession more than a year, she and her husband assigned their certificate of entry to John Thomasson, lessor of the defendant in error, who by virtue of the same ob-

tained a grant issued and dated December 31st 1844.

It further appeared that at the time of the levy, the officer saw the certificate of entry, and there were but two assignments upon it.

Ejectment by Thomasson's lessee, setting up title under the grant. Judgment in the Circuit for the plaintiff, the defendant Spilman appealing in error to this Court.

Heiskell for Spilman insisted that the sale of the entry by the Sheriff vested a right in Spilman upon which he might recover against Cook or his assigns, and that *a fortiori* he could defend in this action, citing Bumpass v. Gregory, 8 Yerg. 46 ; Heffley *v.* Hall, 5 Humph. 581 ; Hall v. Heffley, 6 Humph. 444 ; and Lee v. Crossna, 6 Humph. 281.

He further insisted that the assignment from Ashley and wife to the plaintiff's lessor was void for champetry, Spilman having previous to that time obtained possession, and having been in possession more than one year.

But the Court, (McKinney, J., existing) held that these facts anterior to the grant, could not be looked into at all for the purpose of invalidating the grant, and affirmed the judgment below.(1)

*Judgment affirmed.*

(1) Dodson v. Cocke, 1 Tenn. 314; State v. Nashville University, 4 Humph. 157; Curle v. Barrel, 2 Sneed, 63; Parker v. Claiborne, 2 Swan, 565. The grant having issued, is conclusive evidence of the entry's existence, and also of its validity. Whyte J., in Overton v. Campbell, 5 Hayw. 165.