Vak Wyck, J.
The plaintiffs owned numerous certificates of sales for taxes and assessments, all of which were dated prior to June 8, 1864. Each certificate certifies that on the date thereof the tax collector sold the premises described for taxes, etc., to the person named, for the term of years named, for which he paid a specified sum; “ which said purchase entitles him (the purchaser) to a lease of the said premises for the term aforesaid after the expiration of two years from the date hereof unless the said premises be redeemed within that time, or any irregularity shall be discovered in the proceedings prior to said sale, in which case said purchase money . . . shall be repaid to said purchaser or his assigns.”
No leases of the premises were ever given to the purchasers or their assigns, nor were the premises redeemed. The sales were void on account of irregularities in the proceedings prior to the sales respectively, and the plaintiffs commenced this action July 20,1883, to recover from the city the purchase money mentioned in these certificates. The defendant claims that the causes of action on these certificates for the repayment of the purchase money are barred by the statute of limitations.
In Brevoort v. The City of Brooklyn, 89 N. Y., 128, which was an action to recover the purchase money on a similar certificate, the court, at page 135, says, “ these taxes are void . . . and undoubtedly if the plaintiff had paid his money, as a simple purchase at a tax sale, without any agreement for the repayment in case of any irregularity should exist or be discovered, he could not have recovered back the money thus paid.” Hence it becomes necessary for us to ascertain what the contract contained in these certificates, was; what are the rights of the plaintiff and the obligations of defendant under the same; and when did the right of action accrue for the recovery back of the purchase money from the city ?
The city undertook to give plaintiff a lease of the premises sold for taxes, etc., at the expiration of two years from the date of the certificate, unless the premises be redeemed within that time, or irregularity in the proceedings prior to sale be discovered, in which case the purchase money shall be repaid. The word “ unless ” has been judicially declared to mean, “ if not.” *870 Manning v. Keenan, 73 N. Y., 45. This contract read with the equivalent of “ unless,” and plaintiff would be entitled to a lease of the premises within two years, if the same were not redeemed within that time and if no irregularity prior to sale was found or discovered to exist.
The contract was that the plaintiff should receive a lease with the separate and distinct conditions attached, the happening of either of which would defeat that right and give the right to recover back the purchase money; at the expiration of two years irregularities prior to sale did exist, and this defeated the right to a lease, and for that reason under the contract the right to recover back the purchase money instantly followed.
The contracting parties contemplated that if a valid lease could not be given at the end of two years because of the existence of such irregularity, that then and in such case the purchaser should be paid the purchase money. Such irregularities in the proceedings prior to the sales for which the certificates in suit were given have been found to exist, and therefore plaintiff’s right of action for repayment to them of the purchase money accrued two years after the date of the certificates respectively,, for the plaintiffs were never entitled to a lease.
In this view of the case, as the certificate bearing the latest date is that of June 7, 1864, the cause of action thereon, to recover back purchase money, accrued June 7, 1866, seventeen years before this action was commenced, and is barred by the lapse of time, unless the terms of the contract of the certificate-are so changed and altered by L. 1865, chap. 721, sec. 12, and L. 1883, chap. 114, as to have deprived plaintiffs of the right to legally call upon the city to repay the purchase money, at the ■ time mentioned in the certificate,-two years after its date.
The only effect of L. 1865, chap. 721, sec. 12, on the contract in question, if any, was that it enabled the owner of the premises, by giving the notice required, to compel the owner of the-certificate within three years either to assert his claim for alease, or be deemed to have abandoned the same and thus relieve the-premises of the lien. In other words it provided a method by which the owner could shorten the usual statute of limitations-for a specific performance of the executory contract to convey by lease real estate.
When the Law of 1883, chap. 114, was enacted, the plaintiff had no right to a lease, because the irregularity in the proceedings prior to sale existed which rendered the sale void; and . . . his right to sue to recover back the purchase money was barred by the statute of limitations.
Therefore, assuming that this act authorized the city to levy a new tax for a smaller sum in lieu of the former void tax, under which these sales were made, it in no way injured or interfered *871 ■with plaintiff’s security, lien or rights under the contract in these certificates, for at that time plaintiffs had lost all their rights.
If it is assumed that the Legislature intended that such levy of a new tax for a smaller amount under the Law of 1883, in lieu of such void tax and the collection thereof, should be for the benefit of those holding certificates of sale under the void taxes, even then we think the plaintiffs have failed to make out a case under such implied trust, they do not show that the city has levied a new tax for the taxes for which the sales were made, except that they have shown that after this action was commenced that the board of assessors certified that for all the arrears under the act they have fixed a gross amount deemed by them to be a fair and just compromise amount to be levied thereon in lieu of all arrears, and the plaintiffs do not show how much, of this gross compromise sum, if any, was in lieu of the taxes for which these sales were made and do not show that any portion of this gross compromise sum has been collected.
For these reasons we think all the causes of actions for the recovery back of the purchase money on these certificates are barred by the lapse of time. This point has not been passed upon by the general term of either the supreme court or the city court before, but by the special term of both courts, and we refer to the opinions in these special term cases. Roe v. City of Brooklyn, opinion by CULLEN, J. Coffin v. City of Brooklyn, opinion by VanWyck, J.
Judgment must be reversed, new trial ordered, with costs to abide the event.
REYNOLDS, C. J., concurs.