DANIEL P. BARNARD, Appellant, *v.* JAMES C. BROWER, Respondent.

Defendant was part owner of certain real estate in the city of Brooklyn which was incumbered by taxes and assessments levied and assessed during the period from 1861 to 1880, and sales for terms of years had been made upon some of said taxes and assessments to G., W., McF. and the said city. These sales were all made for taxes assessed prior to 1873. Defendant entered into an agreement with B., plaintiff's testator, an attorney, to the effect that the latter should institute legal proceedings and procure a final and permanent judgment deciding that all such sales, taxes, assessments, etc., were illegal and void and constituted no lien or incumbrance upon the premises. Defendant agreed to pay B. $1,500 in full for his services upon the recovery of such final judgment. In an action upon the agreement plaintiff proved a judgment in a partition suit, to which G , W., and McF. were parties, which decided that neither of them had any interest or lien in or upon the premises, but that their claims under said sales were null and void and that B. held the portion of the premises set off to him free and clear of any estate, lien or claim of the parties to the action. Plaintiff also proved that prior to December 1, 1882, G. paid to the registrar of arrears of said city a sum equal to sixty per cent of the assessed value of the premises under the provisions of the act of 1882 (§ 1, chap. 348, Laws of 1882), providing that any person owning or having an interest in lands in said city upon which the unpaid taxes and assessments shall exceed sixty per cent of the assessed value, might extinguish the same by paying such sixty per cent. *Held,* that the proof did not authorize a recovery; that the obtaining of a judgment by B , extinguishing the lien of said taxes and assessments and binding upon all parties interested therein, was a condition precedent to any right to compensation; that the judgment proved bound only the parties thereto and left the taxes and assessments an apparent lien and their validity open to dispute; that conceding the payment by G extinguished any claim the city might have for taxes (as to which *quære*), such payment was not within the agreement; that the question was not whether defendant's land was lawfully free and clear from taxes and assessments but whether the plaintiff's testator had obtained a judgment conclusively establishing that fact.

(Submitted May 4, 1888; decided June 5, 1888.)

APPEAL from judgment of the General Term of the Superior Court of Brooklyn, entered upon an order made at the January Term 1886, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial without a jury.

The nature of the action and the material facts are stated in the opinion.

*John T. Barnard* for appellants.    Chapter 443, Laws of 1881, chapters 348 and 363, Laws of 1882, and chapter 114, Laws of 1883, are statutes *in pari materia*, and should be construed as one.    (*Blake* v. *Wheeler*, 18 Hun, 496 ; *Rogers* v. *Bradshaw*, 20 Johns. 735.)

*William T. Gilbert* for respondent.    The judgment in the partition action does not purport to annul the taxes in question, and it was void as respects the defendant Goodrich (the lunatic), for the reason that no jurisdiction of his person had been acquired until after the entry of the interlocutory judgment and the report of the commissioners appointed thereunder. His subsequent appearance by his committee did not give the court jurisdiction to render the final judgment.    (Code of Civil Pro. §§ 1546–1549 ; 1 Wait's Pr. 41 ; *People* v. *Sturtevant*, 5 Seld. 266 ; Wills on Juris. § 18 ; *Mora* v. *Kusac*, 12 La. Ann. 754 ; *Wheelock* v. *Lee*, 74 N. Y. 495.)    Chapter 363 of the Laws of 1882 did not validate the sales for taxes or the certificates given thereunder.    (*Clementi* v. *Jackson*, 92 N. Y. 591.)    As it does not appear but that the premises are vacant property, the water-rates and sales therefor were void. (*Remsen* v. *Wheeler*, 105 N. Y. 573.)    The lease upon the sale for non-payment of water-rates conveys an estate in the lands, viz., an estate for a term for years, and if valid the estate of the defendant and his wife, between whom partition was sought, was one in reversion only.    (1 R. S. 723, § 12.)    An estate for years cannot be cut off in an action of partition between reversioners without the consent of the tenant for years    (Code of Civil Pro. § 1536.)

RUGER, Ch. J.  The plaintiff's testator brought this action to recover for legal services rendered to the defendant under a written contract made between them March 25, 1883.  By this contract and the schedules annexed thereto, it appeared that the defendant was part owner of three several parcels of

land in the city of Brooklyn which were incumbered by taxes and assessments to a large amount, covering a period of twenty years, previously levied and assessed thereon; and that sales for a term of years had been made thereof upon some of such taxes and assessments, to D. H. Goodrich, A. S. Wheeler, Wm. M. McFarlane and the city of Brooklyn. The defendant was advised by the plaintiff's testator that these sales, taxes, etc., were irregular, illegal and void and would be so declared in legal proceedings. It was thereupon substantially agreed that the plaintiff should institute and bring to a legal determination proceedings to annul all the sales, taxes, assessments, claims or incumbrances which appeared from the tax and assessment search, annexed to the contract, to be against or upon the premises in question for non-payment of taxes and assessments, and procure a final and permanent judgment from a court of competent jurisdiction deciding that all such sales, taxes, assessments, etc., are illegal and void and constitute no lien or incumbrance upon said premises or any part thereof; and that he would also compel by legal determination, through a final judgment, a *bona fide* purchaser, if said purchaser be obtained for the premises in question, within sixty days after such first-mentioned final judgment should be declared, vacating, setting aside and declaring void and illegal such sales, taxes, assessments and claims, to accept the title of this defendant and his wife thereto without payment of any of such taxes, assessments or liens. It was further provided that the defendant should pay the plaintiff's testator the sum of $1,500 in full satisfaction of his claim for services upon the recovery of such final judgments. Upon the trial of the action the plaintiff, to sustain the issues on his part, produced and proved a judgment-roll showing the entry of an interlocutory judgment taken by default in a partition suit between James C. Brower, plaintiff, and Emeline E. Brower, his wife, William M. McFarlane and David Goodrich, defendants, in the City Court of Brooklyn, of the date of July 20, 1883, whereby it was adjudged that the plaintiff, James C. Brower, is seized and entitled in fee to one equal undivided half of the premises

in question, subject to the inchoate right of dower of his wife, and that Emeline E. Brower is seized and entitled to the other equal undivided half part of the said premises. It was further thereby ordered and adjudged that the defendants William M. McFarlane and David H. Goodrich have not, nor has either of them any right, share, interest or lien of, in and to the said premises or any part thereof, and that each of their alleged claims, as set forth in the complaint, is null and void. It was further ordered that partition be made of the premises between the plaintiff and his wife, and commissioners were appointed to make such partition and render report of their proceedings to the court. It further appeared that the commissioners thereafter made report of their proceedings and partitioned the premises in accordance with the terms of such interlocutory judgment, and that such report was confirmed by the court. Final judgment was rendered in the action on the 26th day of July, 1883, whereby it was adjudged that the said James C. Brower and Emeline E., his wife, do each hold the said premises so set off to them respectively, in severalty free, clear and discharged of all and every estate, lien or claim of any of the parties to this action. Further proceedings were subsequently had in that action to perfect such judgment as against David H. Goodrich, but it is unnecessary to notice them particularly, as we shall assume, for the purpose of the discussion, that the court acquired jurisdiction to render the first judgment against all of the parties thereto. The plaintiff also proved that, prior to December 1, 1882, David H. Goodrich paid to the registrar of arrears of the city of Brooklyn a sum of money equal to sixty per centum of the assessed value of the premises, under section 1 of chapter 348 of the Laws of 1882, and that such sum was received by the registrar as a payment for and on account of the taxes then in arrears upon the premises. A clearer view of the force and effect of the agreement between the parties will be obtained by considering the circumstances existing at the time the contract was executed. The liens in question embraced taxes and assessments made for each year from 1862 to 1880, and the

sales thereon were all made for taxes assessed prior to the year
1873.   It had been held by this court, in May, 1882, in *Bre-*
*voort* v. *City of Brooklyn* (89 N. Y. 128), that the taxes and
assessments theretofore imposed upon real estate in the city
of Brooklyn, and the sales made thereon, were wholly void
for the reason that they were based upon assessment-rolls
which did not contain an affidavit of the assessors in the form
and to the effect required by law.   By chapter 363 of the
Laws of 1882, the legislature had passed an act legalizing and
confirming all of the unpaid taxes upon real estate in the city
of Brooklyn which had been imposed thereon subsequent to
the year 1861.   It was held by this court that the act in ques-
tion did not validate tax sales which had been theretofore made
of lands in such city.   (*Clementi* v. *Jackson,* 92 N. Y. 591.)
It thus appears that at the time this contract was made there
was no want of legal authority to show that the various sales
of the land in question made to Goodrich and McFarlane, were
entirely void and conferred no legal interest upon the several
purchasers thereof; but serious questions were left unsettled,
among others, the right of the city of Brooklyn to enforce the
collection of such taxes against real estate in that city under
the validating act, and as to the effect of the payment by
Goodrich of a sum equal to sixty per cent of the assessed
value of the property, to the city of Brooklyn under chapter
348, Laws of 1882, providing that "*any person owning or*
*having an interest in any lands in the* city of Brooklyn upon
which the unpaid taxes or assessments, or both, shall exceed
sixty per centum" of the assessed value of such lands might
extinguish the same by paying such sixty per centum to the
registrar of arrears of said city.

It would, therefore, seem quite obvious that the object of
the parties in making this contract was to secure a judgment
against the city of Brooklyn, and all parties having an interest
in the collection or enforcement of such taxes or the sales
made thereunder, declaring them illegal and void and as con-
stituting no lien or incumbrance upon the land.   It is quite

clear that the judgment-roll given in evidence accomplished no such object. It did nothing more than to reaffirm the doctrine already established by the case of *Brevoort* v. *City of Brooklyn* (*supra*). Every disputed question as to the validity of these taxes and their existence as a lien upon the premises in question, subsequent to the validating act, was left by this judgment in the same condition in which it was when the contract was made. The plaintiff seeks to obviate the effect of this conclusion by arguing that the payment of the sixty per cent by Goodrich to the city of Brooklyn extinguished any claim that it might have for the taxes. It is by no means certain that this was its effect, as Goodrich was not, by its terms, entitled to avail himself of the benefit of the act; but the conclusive answer to the argument is that such payment was not within the contract made between the parties. The defendant stipulated for a final judgment extinguishing the lien of such taxes and assessments and binding upon all parties interested therein, and that he has, assuredly, not obtained. The obtaining of such a judgment by the plaintiff's testator was a condition precedent to any right of recovery on his part, and until he showed such a judgment he did not, under the contract, establish a right to the compensation therein provided.

The question in this case is not whether the defendant's land is lawfully free and clear from taxes and assessments, but whether the plaintiff's testator has obtained an adjudication which conclusively establishes that it is. The judgment-roll exhibited by the plaintiff, may be assumed to be valid and binding upon the parties thereto, and as to them establishes the fact that they had no title to, or interest in the premises; but it binds no other parties and leaves the taxes and assessments an apparent lien upon the defendant's lots and their validity open to dispute hereafter.

We are, therefore, of the opinion that the plaintiff showed no right to recover in this action, and that the judgments of the courts below should be affirmed.

All concur.

Judgment affirmed.