HENRY E. BOWNS, Appellant, v. MOSES MAY, Respondent. /32-28

*It seems* when an assessment is made by city officers without jurisdiction, and the tax is collected from the owner of the realty assessed, he may maintain an action to recover the amount paid from the city.

Under the provisions of the act of 1883, "concerning the settlement and collection of arrearages and taxes" in the city of Brooklyn (§ 1, chap. 114, Laws of 1883), which gives the board of assessors of that city, "where any tax, assessment or water rate levied or imposed on and in said city, prior to July 1, 1882, remains unpaid and in arrears," author, ity to examine and determine how much of said arrearages ought to be collected from said lands, an unpaid tax assessed prior to July 1, 1882, is the essential fact which must exist to confer jurisdiction.

The determination by the board that this fact does exist is not conclusive.

In December, 1870, a tax was assessed upon a lot in said city which was illegal and void. In 1872 the lot was sold for non-payment of said tax, for a sum more than the amount of the tax which was paid by the purchaser. In 1882, in pursuance of the act of 1881, and the various acts amending the same and supplementary thereto (Chap. 443, Laws of 1881; chap. 348, Laws of 1882; chap. 363, Laws of 1882), which authorize the owner of land in that city, on which the unpaid taxes equal or exceed sixty per centum of the assessed valuation, to extinguish such taxes by paying a sum equal to that percentage, the then owner of said lot, the taxes assessed thereon exceeding sixty per centum, paid a sum equal to it, which was received in full payment of all taxes assessed prior to June 1, 1881. In 1885 the board of assessors, assuming to act under said act of 1883, equalized the tax of 1870, and the sum so fixed not having been paid, the lot was sold pursuant to the act, and defendant became the purchaser; he served upon plaintiff, who was then the owner of the lot, the notice prescribed by said act (§ 4). Plaintiff was at that time under contract to convey the lot, and to enable him to render a satisfactory title he paid, under protest, to the registrar of arrears, for the use of defendant, the amount necessary to redeem. In an action to recover back the same, *held*, that the board of assessors acted without jurisdiction in re-adjusting said tax, as the same had been paid and extinguished; that the payment was not voluntary; and that the action was maintainable.

(Argued March 12, 1890; decided June 3, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 13, 1887, which affirmed a judgment in favor of defendant entered upon an order dismissing the complaint on the ground that the complaint did not set forth a cause of action.

This action was brought to recover a sum of money paid by plaintiff to redeem certain premises from a sale for a tax which he alleged to be invalid.

The material facts are stated in the opinion.

*Brewster Kissam* for appellant. The payment to the registrar of arrears of the city of Brooklyn, by appellant's grantor, on the 29th of November, 1882, of the sixty per centum of the assessed valuation of the premises in question for the year 1881, extinguished all claims, valid and invalid, which the city of Brooklyn had against the same up to the

1st day of June, 1881. (Laws of 1882, chap. 348; *Jackson* v. *Collins*, 3 Cow. 96; *White* v. *Wager*, 32 Barb. 253; affirmed in 25 N. Y. 328; *Rice* v. *Mead*, 22 How. Pr. 449; *People* v. *U. Ins. Co.*, 15 Johns. 380.) If the tax of 1870 was not a lien within the statutes at the time the act of June 15, 1882, became a law, chapter 363 of the Laws of 1882, passed June 27, 1882 (five months before the payment of the sixty per centum by appellant's grantor), made it such. (*Clementi* v. *Jackson*, 92 N. Y. 591.) The ground upon which the appellant's complaint upon the trial was dismissed, that the tax of 1870 could not be deemed to have been extinguished by the payment of the sixty per centum for the reason that a certificate of the sale of the premises in question had been previously given to Wheeler was not tenable. (*Brevoort* v. *City of Brooklyn*, 89 N. Y. 128; *Clementi* v. *Jackson*, 92 id. 591; Laws of 1881, chap. 443.) The act of 1883 (Chap. 114, Laws of 1883), under which it is claimed the assessors of the city of Brooklyn assessed against the premises in question the sum of $493, in lieu of the illegal and void tax of 1870, is unconstitutional and void, hence, the sale thereunder to the respondent was void, and he is liable for the amount paid by appellant under protest, to redeem his property from the effect of the void sale. (*Stuart* v. *Palmer*, 74 N. Y. 188, 189; *Spencer* v. *Merchant*, 100 id. 585; 125 U. S. 345; *People* v. *Hagadorn*, 104 N. Y. 523, 524, 525; *Eastman* v. *Little*, 5 N. H. 290; 4 Pet. 350; Cooley's Const. Law, 432; *Dartmouth College* v. *Woodward*, 4 Wheat. 519; *Browell* v. *Coleman*, 11 Mun. 78; *Sharpe* v. *Johnson*, 4 Hill, 92, 93.) The action of the board of assessors in assessing, under the act of March 16, 1883 (Chap. 114, Laws of 1883), a sum against the premises in question, in lieu of the tax of 1870, does not preclude the appellant from maintaining this action. (*In re Lange*, 85 N. Y. 307; *In re N. Y. C. Protectory*, 77 id. 342; *Dorn* v. *Backer*, 61 id. 261; *In re D. P. Works*, 85 id. 459.) It was not essential that the assessment imposed upon the premises in question by the board of assessors, under the act of March 16, 1883 (Chap. 114 of the Laws of 1883), should have been first

vacated before the bringing of this action. (*Jex* v. *Mayor, etc.,* 103 N. Y. 536; *Bruecher* v. *Village of Port Chester,* 101 id. 240; *In re Lima,* 77 id. 170; *Horn* v. *Town of New Lots,* 83 id. 100.) The payment under protest by appellant was not a voluntary one, and he clearly had a standing in court to recover back the amount paid. (*Bruecher* v. *Village of Port Chester,* 101 N. Y. 240; *Newman* v. *Bd. Suprs.,* 45 id. 676; *Williams* v. *Bd. Suprs.,* 78 id. 561; *Horn* v. *Town of New Lots,* 83 id. 100; *Strausburgh* v. *Mayor, etc.,* 87 id. 452; *Jex* v. *Mayor, etc.,* 103 id. 536.) This action was maintained against the respondent only. (Laws of 1883, chap. 114, § 5; *Remsen* v. *Wheeler,* 105 N. Y. 573; *Bank of Commonwealth* v. *Mayor, etc.,* 43 id. 184.)

*Ira Leo Bamberger* for respondent. The plaintiff cannot be heard to say that proceedings of the board of assessors are unconstitutional and at the same time that the sale of the premises, resulting from such proceedings, is a lien and cloud upon his title. (*Wells* v. *City of Buffalo,* 80 N. Y. 253; *Stuart* v. *Palmer,* 74 id. 188; *Lehman* v. *Roberts,* 86 id. 239; *March* v. *City of Brooklyn,* 59 id. 283.) The assessment not having been vacated, no action to recover back money paid or taken on an illegal assessment will lie. (*Wilkes* v. *Mayor, etc.,* 79 N. Y. 621; *Swift* v. *City of Poughkeepsie,* 37 id. 514; *Peyser* v. *Mayor, etc.,* 70 id. 497.) The act allowing owners to compromise unpaid taxes by the payment of sixty per cent on the assessed valuation of the land (Chap. 443, Laws of 1881, as amended by chap. 348, Laws of 1882), expressly excepted from its operation all taxes for which there have been certificates of sale given to others than the city of Brooklyn. (Laws of 1881, chap. 443, § 6.) The tax, for the non-payment of which the property was sold, was not in existence at the time of the passage of the "compounding" act, and, therefore, could not have been embraced in its provisions. (*Brevoort* v. *City of Brooklyn,* 89 N. Y. 128.) There is no privity between plaintiff and defendant. (*Fleetwood* v. *City,* 2 Sandf. 475, 482; *Trinity Church* v. *Mayor, etc.,* 10 How.

Pr. 138.)   Chapter 114 of the Laws of 1883 is constitutional. (*Terrel* v. *Wheeler*, 49 Hun, 262; *White* v. *Wheeler*, 51 id. 573; *Lamb* v. *Connolly*, 3 N. Y. Supp. 252; *Kelley* v. *Wheeler*, 3 id. 289; *Wallerstein* v. *Bohanna*, 5 id. 319.) The assessment was the result of a judicial determination by the assessors of the city of Brooklyn in the nature of a final judgment, and this action cannot be maintained until said assessment is vacated or annulled. (*Chauncey* v. *Wass*, 30 N. W. Rep. 826.)

*Almet F. Jenks* for the city of Brooklyn, intervening. Chapter 114 of the Laws of 1883 is constitutional. (*Clementi* v. *Jackson*, 92 N. Y. 591; Cooley on Tax. 223, 225, 229, 345; *In re U. E. R. R. Co.*, 112 N. Y. 61–75, 76; *Kane* v *City of Brooklyn*, 114 id. 586, 593; *In re Trustees, etc.*, 31 id. 574–580; *Osterburgh* v. *U. T. Co.*, 93 U. S. 428; *Langley* v. *Chapin*, 134 Mass. 82; Black. on Tax Tit. §§ 231, 504; Burroughs on Tax. 122; Desty on Tax. § 150; Hilliard on Tax. chap. 15.)

FOLLETT, Ch. J.   December 10, 1870, Elizabeth D. Brevoort was the owner in fee of a lot in the city of Brooklyn on which a tax of $390.39 was on that day assessed, which was void, for the failure of the assessors to comply with section 31 of title 4 of chapter 384 of the Laws of 1854, as amended by section 21 of chapter 63 of the Laws of 1862, which required the corrected assessment-roll of every ward in the city to be " sworn to by at least two of the assessors, according to the oath provided by law in regard to assessment-rolls in the different towns of this state, and, further, to the effect that they have together personally examined within the year past each and every lot or parcel of land, house, building or other assessable property within the ward." (*Brevoort* v. *City of Brooklyn*, 89 N. Y. 128.)   The case cited was decided May 2, 1882, and April 12, 1872, about eight years before that decision, the city sold the lot for the non-payment of this tax to A. S. Wheeler for one hundred years for $446.09, and delivered to him a certificate

of sale which, March 7, 1873, he assigned to the United States Trust Company.

The holder of this certificate acquired no title to or lien upon the lot by virtue of the tax, the sale or the certificate. (*In re Clementi* v. *Jackson*, 92 N. Y. 591.) On the 2d day of February, 1883, the plaintiff, through several mesne conveyances, succeeded to the title of Mrs. Brevoort.

June 1, 1881, chapter 443 of the Laws of 1881 was passed, which appointed a board of commissioners authorized to re-adjust and relevy all unpaid taxes theretofore assessed except those on account of which sales had been made and certificates of sale given to others than the city of Brooklyn. June 15, 1882, this act was amended (Chap. 348, Laws of 1882) so that the owners of land in that city on which the unpaid taxes equalled or exceeded sixty per centum of the assessed valuation as fixed in the year 1881, might extinguish such unpaid taxes by paying, on or before December 1, 1882, amounts equal to sixty per centum of such assessed valuation. June 27, 1882, it was enacted (Chap. 363, Laws of 1882) that the taxes levied and confirmed, or attempted to be levied and confirmed since 1861, on lands in that city, should not be invalidated by the failure of the assessors to verify the corrected assessment-rolls as they were required to do by section 31 of title 4 of chapter 384 of the Laws of 1854, as amended by section 21 of chapter 63 of the Laws of 1862, and all such taxes were declared valid and effectual in law, notwithstanding the failure of the assessors to so verify the rolls.

In all the statutes passed before June 27, 1882, the validity of the taxes in arrear was assumed, but the act last referred to, passed eight weeks after the decision of *Brevoort's Case*, recognized their invalidity and the ineffectiveness of chapter 572, Laws of 1880, and of chapter 443, Laws of 1881, as amended by chapter 348, Laws of 1882, and sought to validate the taxes in arrear and make them a lien to the amount of the original assessment, with interest thereon at six per cent per annum from the date of their original confirmation by the supervisors, if paid before December 1, 1882, but if not then

paid, with interest at nine per cent per annum from the date of such original confirmation. The counsel for both parties concede the constitutionality of this statute. (*People* v. *Mitchell,* 35 N. Y. 551; *Williams* v. *Town of Duanesburgh,* 66 id. 129; *Town of Duanesburgh* v. *Jenkins,* 57 id. 177; *Horton* v. *Town of Thompson,* 71 id. 513; *Thompson* v. *Perrine,* 103 U. S. 806.)

November 29, 1882, the taxes on this lot exceeding sixty per centum of its assessed valuation in 1881, Anna Dickinson, its then owner, paid to the registrar of arrears $6,300 in satisfaction of all taxes assessed on this lot prior to June 1, 1881. The owner in paying, and the registrar in receiving this sum, evidently acted on the theory that the taxes in arrear, which were validated by the act of June 27, 1882, could be extinguished by the payment of an amount equal to sixty per cent of the assessed valuation of 1881, pursuant to the statute of June 1, 1881, as amended by the act of June 15, 1882.

It is alleged, and for the purpose of the trial admitted, that this sum was paid and received in full payment of all taxes assessed prior to June 1, 1881. This being so, the board of assessors could not, without having the settlement vacated, or the money restored to the owner, legally fix, adjust and determine that there should be charged against the land any sum on account of taxes assessed prior to June 1, 1881. This act authorized the board of assessors to fix, adjust and determine, as to each parcel of land, how much ought to be paid for taxes in arrear which had been assessed before July 1, 1882, including those for which sales had been made, which sales were, for any reason, invalid. The act further provides that in case the tax, as re-adjusted by the board, should remain unpaid for one year, the land should be sold in the manner prescribed by the act. April 22, 1885, the board of assessors equalized the tax of 1870 at $493, and the same not being paid, the registrar of arrears, on the 16th of June, 1886, sold the lot pursuant to the last-mentioned act to the defendant in this action for $9,000.

It appears by the record that in 1872 this land was sold to pay the tax of 1870, and sufficient was realized to satisfy it;

and, though this sale was void, it nowhere appears that the city has restored the money to the purchaser, or to his assignee, or that it has been called on to do so. It further appears that in November, 1882, the then owner (the plaintiff's immediate grantor) paid to the registrar of arrears of the city of Brooklyn $6,300 in full for all unpaid taxes assessed prior to June 1, 1881, which is still retained by the city. On a trial the facts may not turn out to be as alleged, but this court must assume the truth of the record.

Section 1 of chapter 114 of the Laws of 1883 provides: " § 1. The board of assessors of the city of Brooklyn shall have power and jurisdiction, and they are hereby directed and required, in all cases where any tax, assessments or water rate levied or imposed, or attempted to be levied or imposed, on any land in said city prior to the first day of July, eighteen hundred and eighty-two, remains unpaid and in arrears, except as hereinafter otherwise provided, to examine into and fix, adjust and determine as to each parcel of land how much of said arrearages ought, in the way of tax, assessment and water rate, in fairness and justice now presently to be laid, assessed and charged against and actually collected from said land," etc.

An unpaid tax assessed on a lot prior to July 1, 1882, is the essential fact which must exist to confer jurisdiction on the board of assessors to assess a tax on that lot under this act. The determination by the board that the jurisdictional fact did exist is not conclusive, and does not establish jurisdiction if the fact did not exist. (*In re New York Catholic Protectory*, 77 N. Y. 342.) If it be true that the tax levied in 1870, on account of which the assessment was made by the board of assessors in April, 1885, under this act, had been before paid and extinguished, the board acted without jurisdiction, their proceedings were void, and the sale to the defendant, made June 16, 1886, was void, and vested in him no title to, interest in, or lien upon the lot.

When an assessment is assumed to be made by officers without jurisdiction, and the tax is collected from the owner of the realty assessed, he may maintain an action to recover the amount

paid from the city receiving it.  (*Jex* v. *Mayor, etc.*, 103 N. Y.
536.)

If the sum which the plaintiff was compelled to pay to the
registrar had been retained by the city and not paid over to
the defendant, as required by the act, an action could have
been maintained by the plaintiff against the city for its
recovery.

Can this action to recover the $1,626.07, an action for
money had and received, be maintained?  To answer this
question, it is well to first determine whether the payment
was voluntarily or compulsorily made, under the rules of law.
It is provided by the statute under which the sale was made
(§ 4), that the purchaser, upon receiving his certificate, shall
give the owner notice of his purchase, and, unless the land is
redeemed within one year after the date of such notice, the
purchaser shall acquire the fee simple of the land and receive
a deed therefor, which shall be presumptive evidence of his
tittle.

The defendant notified the plaintiff of his purchase, and
that, unless the land was redeemed within a year, he would
claim a conveyance and be vested with the fee.  At this time
the plaintiff was under a contract to convey the lot to a pur-
chaser, and to enable him to tender to his purchaser a satis-
factory title, he paid the amount to the registrar of arrears for
the use of the defendant, protesting at the time that he was
not liable to the city, or to the defendant.  This statute pro-
vides (§ 5) that redemption shall be effected " by paying to
the registrar of arrears, for the use of the purchaser or his
assigns," the required sum.

When a collector of taxes holds a tax warrant, valid on its
face, by virtue of which he threatens to sell the land against
which the tax is assessed if it is not paid, the payment of the
tax by the land owner is not a voluntary one.  (*Bruecher* v.
*Village of Port Chester*, 101 N. Y. 240.)  If such a payment
is not a voluntary one, for a stronger reason, a payment made
at a subsequent stage of the proceedings, after sale, when the
loss of his land is much more imminent, is a compulsory one.

It is provided by this statute (§ 4) that in case the sale shall prove to be invalid, the city shall refund the money paid for the land, with interest at the rate of four per cent per annum from the date of sale. In *Remsen* v. *Wheeler* (105 N. Y. 573), a payment was made to the registrar of arrears of this city under chapter 114, Laws of 1883, to redeem lands which had been sold for taxes pursuant to this statute, to a third person. A portion of the sum, $814.85, was paid to redeem land sold for water rates which had been assessed under a statute which was held to be unconstitutional. In an action brought against the city and the purchaser, to restrain the city from paying over this sum to the purchaser, it was held that the city was the mere depository of the money, and might be deemed to be the agent of both parties in reference to it, and that the payment was not a voluntary one, as was held below, and the judgment was reversed.

The fact that the tax of 1870 had been paid is not disclosed by any of the proceedings which resulted in the certificate, and would have ultimately culminated in a conveyance. Payment could only be established by evidence outside of the record.

The complaint states facts sufficient to constitute a cause of action, and the court erred in dismissing it.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.