60  401
135a 460

JERUSHA VAUGHN, RESPONDENT, *v.* THE VILLAGE OF PORT CHESTER, APPELLANT.

*Taxes — payment under duress — what acts of a town amount to coercion.*

A void assessment was levied by the Village of Port Chester upon the land of an owner who had contracted to sell the land and give a good title thereto. A warrant was issued for the collection of the assessment and was delivered to the receiver of taxes of the village, who demanded payment thereof, and sent a constable to inform the owner, who was ill, that her property would be sold unless payment was made.  The town officers refused to allow the amount of the assessment to be deposited as indemnity, or to delay the sale until the validity of the assessment could be tested; and the board of trustees of the town passed a resolution directing their treasurer to sell the premises for the assessment.  The owner then paid the amount of the assessment under protest.
In an action brought by the owner to recover such amount:
*Held*, that the payment was not voluntary, and that the acts of the town in the premises amounted to coercion.

APPEAL by the defendant, the Village of Port Chester, from a judgment entered in the clerk's office of Westchester county, on the 28th day of February, 1891, in favor of the plaintiff, for $1,800.33, after a trial at the Westchester Circuit, before the court without a jury.

*Maurice Dillon,* for the appellant.

*Wilson Brown, Jr.,* for the respondent.

PRATT, J.:

This is an appeal from a judgment entered upon a trial at Special Term, which declared certain assessments upon the plaintiff's property to be illegal and void, and for a return of the money paid, with interest upon such assessments, by the plaintiff, upon the ground that such payment was made involuntarily and under threats and coercion, which amounted to duress.

It will be seen, therefore, that the only question in the case is whether the proofs warranted the finding of fact below: "That such payment by plaintiff was against her will and was not a voluntary payment on her part, and plaintiff was obliged and compelled to pay the same by reason of the coercive action and threats and statements of the defendant, its officers and agents, to deprive her of her property, if she did not pay the said assessments," it being conceded that the said assessments were illegal and void.

At the time of such payment the plaintiff was under a contract to sell her lands upon which such assessments had been levied, and give a good title thereto.

The defendant refused to accept a deposit of the amount of the assessment as indemnity, or delay the sale until the validity of the assessment could be determined, and passed a resolution directing its treasurer to advertise her property for sale under a warrant then in the hands of the receiver of taxes of said village.

At this time the receiver of taxes had published notice and demanded of plaintiff payment of these assessments, and sent a constable to notify plaintiff that her property would be sold unless said assessments were paid.

The plaintiff, at the time of the payment, was prostrated with a serious illness, and was in no state of mind to contend with public

officers armed with a warrant valid upon its face, but naturally thought, and had a right to think, they would make their threats good and deprive her of her property.

That the assessment was not paid voluntarily may be inferred from the fact that it was paid under protest and after various efforts to avoid payment or put off the sale.

We think the case may fairly fall within the principles laid down in the case of *Bowns* v. *May* (120 N. Y., 357); and *People ex rel. Warren* v. *Carter* (119 id., 557).

We think, taking into view all the facts and circumstances of the case, that they fully sustain the finding that the assessment was paid under coercion and duress.

The facts seem to bring the case within the definition of an involuntary payment as laid down by Dillon on Municipal Corporations (vol. 2, § 943), to wit: " The coercion or duress which will render a payment of taxes involuntary must, in general, consist of some actual or threatened exercise of power possessed, or believed to be possessed, by the party exacting or receiving the payment over the person or property of another, from which the latter has no other means or reasonable means of immediate relief except by making payment."

The defendant had the physical power to sell plaintiff's property, and threatened to do so, and made their authority seem legal and absolute by exhibiting the warrant.    It is like the case of threatening to turn off water by city authorities if an illegal license fee is not paid, which has been held to be compulsion.

We think the proofs sustain the findings, and that the conclusions of law are the logical result of such findings.

Judgment affirmed, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.