HENRY B. SPITZ et al. *vs.* GEORGE H. MORSE, Administrator.

Somerset.    Opinion November 20, 1908.

*Guaranty. Promissory Note. Payment. Presumption of Payment. Same May be Rebutted.*

In an action upon a written guaranty given to the plaintiffs by defendant's intestate to cover all debts for merchandise to be subsequently sold to one V. C. Bowman, "whether such debts be on book account, by note, draft or otherwise, and also any and all renewals of such debt,"

*Held:* (1) That the subsequent acceptance by the plaintiffs of three notes aggregating the amount of the bill, and signed by both Bowman and his wife, was a discharge neither of the debt nor the guaranty under the facts as shown by the case and which appear in the opinion.

(2) That while a negotiable promissory note, given for a simple contract debt, is prima facie to be deemed a payment or satisfaction of such debt as between the parties thereto, yet this presumption is one of fact and may be rebutted by evidence showing a contrary intention.

(3) That whenever it appears that the creditor had other and better security than such note for the payment of his debt, it will not be presumed that

he intended to abandon his security and rely upon his note. In the case at bar the existence of the guaranty is of sufficient evidential strength to rebut the presumption of payment, and the other evidence in the case still further militates against such a presumption.

(4) That even if the taking of the notes had discharged the debt, it did not discharge the guaranty, for the guarantor bound himself in express terms to pay all notes given by Bowman to the plaintiffs up to a stated amount and the notes in suit fall within that limit.

On report.     Judgment for plaintiffs.

Assumpsit upon a written guaranty dated October 22, 1901, whereby the defendant's intestate, Donald G. Ferguson, guaranteed the prompt payment, at maturity, of all sums of money and debts for merchandize to be subsequently sold by Spitz Bros. and Mork, to his son-in-law V. C. Bowman, not exceeding seven hundred and fifty dollars, "whether such debts be on book account, by note, draft or otherwise and also any and all renewals of such 'debt." Plea, the general issue with brief statement alleging in substance that the acceptance by the plaintiffs of certain promissory notes, signed by said V. C. Bowman and his wife Lela E, Bowman, aggregating the balance due the plaintiff from said V. C. Bowman when the notes were given, was a discharge of the original debt owed by said V. C. Bowman to the plaintiffs and therefore of the guaranty.

By agreement the case was reported to the Law Court upon an agreed statement of facts supplemented by certain testimony taken out before a commissioner duly appointed for that purpose, with the stipulation that the case should be decided upon so much of the agreed statement and testimony as was legally admissible.

The case is stated in the opinion.

The written guaranty given by the defendant's intestate, Donald G. Ferguson, is as follows:

"For Value Received, the receipt whereof is hereby acknowledged, I do hereby guarantee to Spitz Bros. & Mork, the prompt payment, by V. C. Bowman to Spitz Bros. & Mork, at maturity, of all sums of money and debts which said V. C. Bowman may hereafter owe Spitz Bros. & Mork, for merchandise which they may from time to time sell him whether such debts be on book account, by note, draft or otherwise, and also any and all renewals of any such debt.

"The undersigned shall not be compelled to pay, on this guaranty, a sum exceeding seven hundred & fifty dollars; but this guaranty shall be a continuing guaranty, and apply to, and be available to said Spitz Bros. & Mork, for all sales of merchandise they may make to said V. C. Bowman, until written notice shall have been given by the undersigned to said Spitz Bros. & Mork, and received by them, that it shall not apply to future purchases; and it shall not be terminated by the death of the guarantor without such written notice.

"Notice of the acceptance of this guaranty, and of sales under the same, and demand upon said V. C. Bowman for payment, and notice to D. G. Ferguson of nonpayment is hereby waived.

"In Witness Whereof, the undersigned I hereunto set my hand and seal, this twenty-fourth day of October, A. D. nineteen hundred and one.

"In presence of

V. C. Bowman,                                  D. G. Ferguson."

*Walton & Walton*, for plaintiffs.
*Butler & Butler*, for defendant.

Sitting: Emery, C. J., Savage, Peabody, Cornish, King, Bird, JJ.

Cornish, J.     Assumpsit upon a written guaranty dated October 22, 1901, whereby the defendant's intestate, Donald G. Ferguson, guaranteed the prompt payment, at maturity, of all sums of money and debts for merchandise to be subsequently sold by Spitz Bros. and Mork, to his son-in-law V. C. Bowman, not exceeding seven hundred and fifty dollars, "whether such debts be on book account, by note, draft or otherwise and also any and all renewals of such debt." The guaranty was to continue until written notice withdrawing the same was given by the guarantor, and was not to be terminated by the death of the guarantor without such notice.

Merchandise was subsequently sold by Spitz Bros. and Mork to said Bowman on the strength of said guaranty, various payments on account were made and the balance due on January 30, 1902 was $968.92. Shortly after this, Bowman sent to Spitz Bros. &

Mork, three notes, aggregating the balance due, signed by himself and his wife Lela E. Bowman, which were entered by Spitz Bros. and Mork on their books to the credit of the husband on February 13, 1902, and endorsed and cashed in the bank in the ordinary course of business. Spitz Bros. and Mork made an assignment to Spitz Bros. & Co., the plaintiffs, on March 31, 1902, and for the sake of convenience, either firm will be designated as plaintiffs in this opinion. Bowman paid one note for $254.60 at maturity but failed to pay the other two, amounting to $714.32, and these the plaintiffs as endorsers were obliged to take up from the bank and pay. This suit is the result. Ferguson died December 24, 1901, without withdrawing the guaranty.

The defense interposed is that the acceptance by the plaintiffs of the notes signed by Mrs. Bowman, was a discharge of the debt and therefore of the guaranty.

· It is a well settled rule of law in this State and Massachusetts that a negotiable promissory note, given for a simple contract debt, is prima facie to be deemed a payment or satisfaction of such debt as between the parties thereto, which simply means, that without further evidence of intent than the giving and receiving of such note, it is construed to be payment. Equally well settled is the rule that this presumption of payment, which is a presumption of fact, may be rebutted by evidence showing a contrary intention. These two rules are usually stated together. *Paine* v. *Dwinel*, 53 Maine, 52 ; *Strang* v. *Hirst*, 61 Maine, 9 ; *Crosby* v. *Redman*, 70 Maine, 56 ; *Bunker* v. *Barron*, 79 Maine, 62 ; *Thatcher* v. *Dinsmore*, 5 Mass. 299 ; *Melledge* v. *Boston Iron Co.*, 5 Cush. 158; *Davis* v. *Parsons*, 157 Mass. 584.

Were this simply a question between Bowman and the plaintiffs, in the absence of any guaranty on the part of Ferguson, there might be some ground for claiming that the acceptance of the notes discharged the account. But the existence of the guaranty is of sufficient evidential strength in itself to rebut the presumption of payment, for the plaintiffs cannot be presumed to have intended action so prejudicial to their interests. "The fact that such presumption would deprive the party who takes the note of a substantial benefit

has a strong tendency to show that it was not so intended." *Curtis* v. *Hubbard*, 9 Met. 322. Where a bond was given to secure a balance of account, and a promissory note was afterwards given for the balance of the account, it was held not to be an extinguishment. *Butts* v. *Dean*, 2 Met. 76. "Whenever it appears that the creditor had other and better security than such note for the payment of his debt, it will not be presumed that he intended to abandon his security and rely upon his note." *Kidder* v. *Knox*, 48 Maine, 551. To the same effect are *Mehan* v. *Thompson*, 71 Maine, 492; *Titcomb* v. *McAllister*, 81 Maine, 399.

The other evidence in the case still further rebuts the presumption of intended payment. The notes were not sought by the plaintiffs but were voluntarily forwarded by Bowman without any request that the guaranty should be surrendered or discharged. Upon their receipt the plaintiffs at once wrote to Mr. Morse, who was then acting as attorney for the Bowmans, as well as for the Ferguson estate, of which he was subsequently appointed administrator, for information as to the financial condition of Mrs. Bowman and after stating that a recent disastrous fire had compelled them to collect all their accounts, they added "while we are willing to grant Mr. Bowman the extension of time he requests on these notes, we feel we should be secured." Mr. Morse replied that Mrs. Bowman had a third interest in the Ferguson estate, which estate was estimated at six or seven thousand dollars, with liabilities against it of two notes amounting to $1100, "and a guarantee which I understand he signed with Mr. Bowman for your firm." This was after the notes had been forwarded by Bowman and shows conclusively that the guaranty was still recognized by his attorney and presumably by himself, as an existing liability against the estate, while the plaintiffs testify emphatically that they did not receive the notes in discharge of the guaranty. Counsel for defendant contends that the presumption of payment holds because the exchange was advantageous to the plaintiffs, as the notes signed by Mrs. Bowman covered the full amount of the indebtedness $968.92, while the guaranty was limited to $750. The parties themselves did not so regard it nor could the plaintiffs be expected to surrender a certainty of $750 for an uncer-

tainty of $968.92. The purpose of Bowman in sending the notes signed by his wife was not to effect a discharge of the guaranty but an extension of credit, and before granting the extension, the plaintiffs naturally inquired as to the financial condition of Mrs. Bowman, who became surety for the excess of $218.92 after the guaranty had been complied with. The information they received made them willing to accept her signature for that amount which would be otherwise unsecured, but subsequent events proved that their confidence even to this extent was misplaced.

Moreover an extended correspondence was carried on between these parties and their attorneys during the more than two years between the giving of the notes in February 1902 and the bringing of this suit on April 9, 1904, and there was neither claim nor intimation on the part of the defendant of the legal position taken now. The court can usually adopt with safety the interpretation of a transaction fixed at the time by the parties themselves. The taking of the notes did not therefore discharge the debt.

But even if it had, it did not discharge the guaranty. *Parham Sewing Machine Co.* v. *Brock*, 113 Mass. 194. If the notes could be treated as payment as between debtor and creditor, the guarantor would still be held, for he bound himself in express terms to pay all notes given by Bowman to the plaintiffs, up to the amount stated. The notes in suit were so given and the fact that they were also signed by Lela E. Bowman does not remove them from the scope of the guaranty. The defendant is asked in this case simply to fulfil his promise and no legal excuse has been presented for his failure to do so.

In accordance with the terms of the agreed statement, the entry must be,

*Judgment for plaintiffs for $718.11, with interest from May 11, 1902, the date of demand.*